UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER HARRIS,<br>　　　　Plaintiff<br>　v.<br><br>RELIANCE STANDARD LIFE<br>INSURANCE COMPANY,<br>　　　　Defendant | CIVIL ACTION NO. |

## COMPLAINT

The Plaintiff, CHRISTOPHER HARRIS (hereinafter "HARRIS" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY (hereinafter "RELIANCE") and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. HARRIS brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. HARRIS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. RELIANCE is a corporation with its principal place of business in the

1

   Commonwealth of Pennsylvania, authorized to transact and is transacting business in the Commonwealth of Massachusetts.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, RELIANCE, is authorized to and is doing business within the Commonwealth of Massachusetts and "may be found" in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HARRIS by RELIANCE.

6. HARRIS was at all times material an employee of Performance Contracting Group, Inc. ("PERFORMANCE").

7. HARRIS was at all times material a plan participant under the PERFORMANCE Benefit Plan, Group Policy No. LTD 110293 (the "LTD Plan") which is established by PERFORMANCE and pursuant to which HARRIS is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. RELIANCE is the insurer of benefits under the LTD Plan and was appointed by PERFORMANCE, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, RELIANCE administered the claim with a conflict of interest and the bias this created affected the claims

determination. As such, RELIANCE is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, HARRIS is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan

12. As it relates to HARRIS'S claim, the Policy states, in relevant part, as follows:

    *"Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness, during the Elimination Period and thereafter an Insured cannot perform the material duties of his/her regular occupation;*

    *1) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period; and*

    *2) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability*

    *The loss of such license for any reason does not in and of itself constitute "Total Disability"*

13. Since approximately June 7, 2018 HARRIS has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, HARRIS made a claim to RELIANCE under the LTD Plan for disability benefit, which RELIANCE initially approved following the elimination period, and paid through December 20, 2019.

15. By letter dated December 20, 2019 RELIANCE notified HARRIS of their decision to deny his LTD benefits.

16. By letter dated June 17, 2020 HARRIS timely appealed RELIANCE'S adverse

benefit determination.

17. By letter dated January 26, 2021 RELIANCE affirmed their decision to deny HARRIS'S LTD benefits

18. At all relevant times, HARRIS complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, as a result of sickness or injury, HARRIS has been unable to perform the important duties of his regular occupation with PERFORMANCE or any gainful occupation for which he was reasonably qualified.

20. At all relevant times, HARRIS has been under the regular care of a doctor.

21. At all relevant times, HARRIS was a Covered Person under the LTD Plan.

22. From December 20, 2019 to the present date, HARRIS has not received benefits owed to him under the LTD Plan, despite HARRIS'S right to these benefits.

23. At all relevant times, RELIANCE was the payer of benefits.

24. At all relevant times, RELIANCE was the "Insurance Company" identified throughout the LTD Plan.

25. At all relevant times, RELIANCE was the Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

26. At all relevant times, HARRIS has been and remains Disabled and entitled to LTD benefits from RELIANCE under the terms of the LTD Plan.

27. HARRIS has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

28. HARRIS incorporates Paragraphs 1 through 27 as if fully set forth herein.

29. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

30. Pursuant to 29 U.S.C. §1132(a)(1)(B), HARRIS, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

31. HARRIS has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of RELIANCE'S failure to pay his disability benefits.

32. HARRIS has exhausted all administrative remedies under the LTD Plan.

33. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to HARRIS at a time when RELIANCE knew, or should have known, that HARRIS was entitled to those benefits under the terms of the LTD Plan, as HARRIS was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of HARRIS'S claim for LTD benefits;

(c) After HARRIS'S claim was denied in whole or in part, RELIANCE failed to adequately describe to HARRIS any additional material or information necessary for HARRIS to perfect his claim, along with an explanation of why such material is or was necessary.

(d) RELIANCE failed to properly and adequately investigate the merits of HARRIS'S disability claim and failed to provide a full and fair review of HARRIS'S claim.

34. HARRIS believes and thereon alleges that RELIANCE wrongfully denied his claim for disability benefits under the LTD Plan by other acts or omissions of

x

...

which HARRIS is presently unaware, but which may be discovered in this future litigation and which HARRIS will immediately make RELIANCE aware of once said acts or omissions are discovered by HARRIS.

35. Following the denial of benefits under the LTD Plan, HARRIS exhausted all administrative remedies required under ERISA, and HARRIS has performed all duties and obligations on her part to be performed under the LTD Plan.

36. As a proximate result of the aforementioned wrongful conduct of RELIANCE, HARRIS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

37. As a further direct and proximate result of this improper determination regarding HARRIS'S claim for benefits, HARRIS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HARRIS is entitled to have such fees and costs paid by RELIANCE.

38. The wrongful conduct of RELIANCE has created uncertainty where none should exist; therefore, HARRIS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, CHRISTOPHER HARRIS prays for relief against RELIANCE STANDARD LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his

disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 29, 2021

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        (954) 620-8300

*S/ Jay P. Symonds*
JAY P. SYMONDS
BBO No: 637972
Email: jay@diattorney.com

GREGORY MICHAEL DELL
BBO No: 677565
Email: gdell@diattorney.com